IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOEL GUILLERMO CHAVEZ-QUEZADA (BOP #63475080), Plaintiff, | § § § § | |
| v. | § | CIVIL ACTION NO. H-06-1650 |
| | § | |
| EFRAIN DE JESUS, *et al.*, Defendants. | § § § | |

## MEMORANDUM AND ORDER

The plaintiff, Joel Guillermo Chavez-Quezada (BOP #63475080), is presently incarcerated at the United States Penitentiary - Hazelton in Bruceton Mills, West Virginia. He has filed a complaint under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), alleging violations of his civil rights by several federal law enforcement agents. Chavez-Quezada proceeds *pro se* and he has been granted leave to proceed *in forma pauperis* in a separate order. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A(a), the Court concludes that this case must be **dismissed** for reasons that follow.

## I.    BACKGROUND

According to the pleadings, Chavez-Quezada was charged by a federal grand jury and convicted in this district of conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine. *See United States v. Chavez-Quezada*, Criminal No. H-94-0101-01 (S.D. Tex. April 10, 1995). After a jury found Chavez-Quezada guilty of those counts, the district court sentenced him on February 1, 1996, to serve 420 months of imprisonment. The United States Court of Appeals for the Fifth Circuit dismissed

Chavez-Quezada's appeal on his motion.  Subsequently, the district court denied attempts by Chavez-Quezada to vacate, set aside, or correct his sentence on post-conviction collateral review.  *See United States v. Chavez-Quezada*, Civil Action No. H-95-5797 (S.D. Tex. Sept. 2, 1997).  Since then, the Fifth Circuit has denied Chavez-Quezada's requests for a certificate of appealability and for leave to file a successive motion for collateral review under 28 U.S.C. § 2255.

In a complaint dated April 14, 2006,[1] Chavez-Quezada complains that several DEA agents violated his civil rights in connection with his arrest and prosecution.  In that regard, Chavez-Quezada complains that DEA agents employed a "ruse" to lure him from Mexico to El Paso, Texas, where Chavez-Quezada was arrested in May of 1994.  Chavez-Quezada complains that he was arrested without probable cause.  He complains further that he was subjected to malicious prosecution, false imprisonment, cruel and unusual punishment, and "intentional infliction of emotional distress" as a result of the false arrest.  Chavez-Quezada seeks $20 million dollars in compensatory and punitive damages for the alleged violations of his constitutional rights.  The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

---

[1]    The Clerk's Office received the complaint on May 15, 2006, but it is dated April 14, 2006, indicating that the plaintiff placed his pleadings in the prison mail system on that date.  For statute of limitations purposes, courts in this circuit treat the date a *pro se* prisoner deposits a pleading in the mail as the filing date.  *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

II.   **STANDARD OF REVIEW**

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"). Because the plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint and, if appropriate, dismiss the case at any time if the court determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under that standard, courts

3

must assume that the plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See id*. (citations omitted).

## III.   DISCUSSION

### A.   Claims Attacking the Conviction are Barred

Chavez-Quezada clearly seeks monetary damages from the defendants for alleged improprieties that resulted in his arrest, conviction, and imprisonment.  However, it is well established that to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a civil rights plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983.  *Id.*  Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  *Id.*

Because the allegations in Chavez-Quezada's pleadings implicate the validity of his conviction and sentence of imprisonment, the rule in *Heck* applies to the pending complaint. *See Stephenson v. Reno*, 28 F.3d 26 (5th Cir. 1994) (applying *Heck* to a *Bivens* claim).  Court

4

records confirm that Chavez-Quezada's conviction and sentence have not been overturned or otherwise invalidated.  Accordingly, to the extent that Chavez-Quezada's allegations concern the criminal investigation that led to his arrest and conviction, his claims are not cognizable at this time and the complaint must be dismissed with prejudice.  *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

**B.    All Other Claims are Barred by Limitations**

Alternatively, to the extent that any of the claims in this case are not precluded by the holding in *Heck*, the complaint must be dismissed because it is untimely.  Chavez-Quezada attempts to allege that his claims relate to one count of the indictment that terminated in his favor when the jury returned a verdict of "not guilty" as to one of the counts against him. Chavez-Quezada also references other counts of the indictment that he claims were dismissed by the government "before the start of trial."  The statute of limitations on these claims expired long ago.

A *Bivens* action is controlled by the applicable state statute of limitations.  *See Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999) (citing *Alford v. United States*, 693 F.2d 498, 499 (5th Cir. 1982) (per curiam)), *cert. denied*, 530 U.S. 1274 (2000).  The facts alleged by Chavez-Quezada in connection with his challenge to the criminal investigation, the arrest, and the prosecution show that a civil rights violation, if any, occurred in Texas. The Fifth Circuit, applying Texas law, has held that the statute of limitations period on a *Bivens* claim is two years.  *Id.* (citing *Pena v. United States*, 157 F.3d 984, 987 (5th Cir.

1998)). This means that, once the above-referenced claims accrued, the plaintiff had two years to file a civil rights complaint concerning these allegations. *See Gonzalez v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998) (noting that a cause of action accrues, so that the two-year statute of limitations begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action).

The complaint filed by Chavez-Quezada is dated April 14, 2006.  That complaint takes issue with a criminal investigation that resulted in his arrest over a decade ago in May of 1994.  The grand jury returned its indictment against Chavez-Quezada on May 9, 1994, and his detention hearing was held the following day.  Trial commenced in February of 1995. The jury returned its verdict against Chavez-Quezada on April 10, 1995, convicting him of counts one and four of the indictment, but acquitting him of conduct alleged in count two. (Doc. #435, Criminal No. H-94-0101-01).  The district court imposed the sentence pursuant to a judgment entered on February 8, 1996.  (Doc. #763, Criminal No. H-94-0101-01).

Chavez-Quezada clearly waited more than two years to file suit from the time his claims, if any, accrued as a matter of law.  Thus, Chavez-Quezada's claims are stale.  He presents no valid basis to toll the statute of limitations and none are apparent from the record. Claims that are clearly barred by the applicable statute of limitations are subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Gartell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).  Accordingly, to the extent that the complaint is not precluded by the rule in *Heck*, Chavez-Quezada's complaint is dismissed as barred by the statute of limitations.

IV.   **CONCLUSION**

Based on the foregoing, the Court **ORDERS** that the complaint is **DISMISSED** with prejudice, under 28 U.S.C. § 1915(e), as frivolous.

**The Clerk is directed to provide a copy of this order to the parties.  The Clerk shall also provide a copy of this order to USP - Hazelton, United States Penitentiary, Attn: Aura Gonzalez, P.O. Box 2000, Bruceton Mills, WV 26525, by mail and by fax: (304) 379-5039.**

SIGNED at Houston, Texas, on **May 19, 2006.**

Nancy F. Atlas
United States District Judge

7